**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JERRY OECHSLE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 13-cv-3918 |
| BIOMET MICROFIXATION, INC., | ) | |
| Defendant. | ) | Judge Sharon Johnson Coleman |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Biomet Microfixation, LLC ("Biomet") moves to dismiss Jerry Oechsle's ("Plaintiff") complaint in its entirety as time-barred. For the following reasons, Defendant's motion is granted.

**Background**

Plaintiff alleges that Biomet designed, manufactured, sold, distributed and placed into the stream of commerce the Open Interpore Cross System ("Interpore Cross"), which is a titanium rod and screw instrumentation system used in spinal surgeries. Plaintiff had the Interpore Cross implanted in him on March 11, 2002 as part of a post-lateral fusion spinal surgery. In August or October 2005, Plaintiff had surgery for a nonunion of an L3 burst fracture. At that time it was discovered that the titanium rods had fractured and caused the spinal fusion procedure to fail, and the Interpore Cross had to be removed.

On September 17, 2012 Plaintiff filed a complaint in the Circuit Court of Cook County. On April 3, 2013 Plaintiff filed an amended complaint naming Biomet and alleging strict product liability, breach of implied warranty, negligence and breach of express warranty. Biomet subsequently removed the case to the Northern District of Illinois based on diversity of citizenship. Biomet now moves to dismiss Plaintiff's complaint in its entirety alleging all of Plaintiff's claims are barred by the statute of limitations, Plaintiff's strict liability claim is barred by the statute of repose and all of Plaintiff's claims are barred because he failed to disclose them in a prior bankruptcy proceeding.

**Legal Standard**

1

In order to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a complaint must contain sufficient factual allegations to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A motion to dismiss is decided solely on the face of the complaint and any attachments that accompanied its filing. *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). Accordingly, the court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

**Discussion**

While a plaintiff need not anticipate or negate an affirmative defense in his complaint, a complaint may be dismissed for failure to state a claim if the allegations in the complaint show that the claim is barred by the applicable statute of limitations. *Cummins v. Home Depot USA, Inc.*, 2009 WL 1851183 at *1 (N.D. Ill. June 29, 2009).

**1. Plaintiff's breach of warranty claims**

The statute of limitations for a breach of warranty action is four years from the date the cause of action accrues. 810 ILCS 5/2-725(1). A cause of action accrues and the statute of limitations begins to run, when delivery is made, regardless of when the defect is discovered. 810 ILCS 5/2-725(2). An exception applies "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance." *Id*. The Interpore Cross was delivered, at the latest, when it was implanted on or before March 11, 2002. Plaintiff's amended complaint is devoid of any explicit assurances from Biomet and any specific future time frame to which any such warranty would extend. *See Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69, 94 (1982) ("[t]he mere expectation that a product's warranty extends for the life of the product does not delay the point at which the statute of limitations commences to run … except upon a warranty explicitly extending to future performance"). Thus, plaintiff's claims for breach warranty expired March 11, 2006 and are time-barred.

**2. Plaintiff's strict liability and negligence claims**

The parties do not dispute that the relevant statute of limitations for strict liability and negligence claims is two years from the date that the cause of action accrues. 735 ILCS 5/13–213(b) (strict liability); 735 ILCS 5/13–202 (negligence); *see also Werckenthein v. Bucher Petrochemical Co.*, 248 Ill.App.3d 282 (1st Dist. 1993) (noting that "[t]here is little practical difference between the limitations period" for strict liability and negligence claims). Where an

injury is a result of a sudden or traumatic event, even if the specific cause of the injury was unclear at the time of the event, the cause of action accrues at the time of the injury. *Cummins*, 2009 WL 1851183 at *2. Courts reason that the nature and circumstances surrounding the traumatic event are such that the injured party is put on notice that actionable conduct might be involved. *Id*. For injuries that are not readily discoverable, the Illinois discovery rule provides that a cause of action accrues when an injured party knew or should have known of the injury and that the injury was wrongfully caused. *Franz v. Purdue Pharma Co.*, 2006 WL 455998 (D.N.H. Feb. 22, 2006) (applying Illinois personal injury law) (quoting *Kumpfer v. Shiley, Inc,*, 741 F.Supp. 738, 739 (N.D.Ill. 1990). In either situation, once a cause of action accrues, the injured party is under an obligation to inquire further as to whether an actionable wrong has been committed and bring any claims within the limitations period. *Cummins,* 2009 WL 1851183 at *2.

Plaintiff's amended complaint, while short on facts, inconsistent and inartfully drafted, states:

> That on August 15, 2005, during a surgery for a nonunion of an L3 burst fracture at Froedtert Hospital in Milwaukee, Wisconsin, *it was discovered* that the aforesaid Open-Interpore Cross system had failed in that the titanium roads [sic] had fractured.
>
> * * * * *
>
> That as a direct and proximate result of one or more of the foregoing defective conditions, after the Plaintiff, JERRY OECHSLE, underwent the aforesaid surgical fusion procedure in 2002 with implementation of the aforesaid rod and screw and in a subsequent procedure in October, 2005, *it was discovered the titanium rods fractured and caused the fusion procedure to fail*.

(Am. Compl. at p. 2 ¶6; p. 7 at ¶8, p. 9 at ¶ 7.) (emphasis added). The discovery that the titanium rods had fractured and caused the spinal fusion procedure to fail three years after the Interpore Cross was implanted was a sufficiently sudden and dramatic event to put plaintiff on notice of his injury and trigger the statute of limitations in 2005. *See Kumpfer*, 741 F.Supp. at 740 (finding that cardiac arrest was a sufficient sudden and traumatic event to prompt investigation into whether the injury may have been caused by a defective heart valve); *Berry v. G. D. Searle & Co.*, 56 Ill. 2d 548, 559 (1974) (finding that plaintiff who suffered a stroke knew or should have known of her injury at the time the stroke occurred). Plaintiff was under obligation to further

investigate and file his claims before the two-year statute of limitations expired in August or October of 2007. Thus, as pleaded, plaintiff's strict liability and negligence claims are untimely.

Plaintiff seeks leave to amend his complaint to allege facts that his injury was not sudden and dramatic and that he neither knew nor should have known of his injury until 2012 when he was advised by his surgeon that "there had been problems [with the Interpore Cross] in the past." (Dkt # 13, pp. 3-5.) Contrary to plaintiff's bare assertion, plaintiff is not required to have actual knowledge of Biomet's alleged wrongful conduct before the limitations period begins to run. *See Cummins,* 2009 WL 1851183 at *2; *Curry v. A.H. Robins Co.*, 775 F.2d 212, 216 (7th Circ. 1985). The relevant inquiry is not when plaintiff learned he had a cause of action against Biomet, but when a reasonable person would have realized their injuries might have been the result of actionable conduct. *See id*. However, to the extent that plaintiff can allege facts to cure defects in his complaint, plaintiff is granted leave to amend.

**Conclusion**

For the foregoing reasons, Biomet's motion to dismiss is granted and plaintiff's amended complaint is dismissed. Plaintiff is granted leave to amend his complaint in accordance with this order within 28 days.

IT IS SO ORDERED.

_____
Date: November 18, 2013

_____
Sharon Johnson Coleman
United States District Judge