UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERRY OECHSLE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 13-cv-3918 |
| BIOMET MICROFIXATION, INC., ) | |
|     Defendant. ) | Judge Sharon Johnson Coleman |
| ) | |

**MEMORANDUM OPINION AND ORDER**

      This matter comes before the Court on Defendant Biomet Microfixation, LLC's ("Biomet") motion to dismiss Jerry Oechsle's ("Plaintiff") second amended complaint. The Court previously dismissed Plaintiff's complaint for failure to state a claim, ruling that all of Plaintiff's claims, as pled, were barred by the applicable statutes of limitations. (Dkt. #18.) Plaintiff was granted leave to amend to the extent that he could allege facts to cure defects.

      On December 16, 2013, Plaintiff filed a second amended complaint alleging strict liability, negligence and breach of warranty. Plaintiff alleges Biomet defectively designed and manufactured the Open Interpore Cross System ("Interpore Cross"), a titanium rod and screw instrumentation used in spinal surgeries. Plaintiff had the Interpore Cross surgically implanted on March 11, 2002 during a spinal fusion procedure and subsequently removed in August or October of 2005 at which time it was discovered that the titanium rods had fractured and the procedure had failed. (*See* Dkt. #19, p. 2 ¶6, p. 8 ¶10, p. 10 ¶9.)

      In order to survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard is met when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court accepts all well-pleaded allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and draws all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

      The Court finds that all of Plaintiff's claims are barred by the applicable statute of limitations and Plaintiff's second amended complaint is therefore dismissed with prejudice. The statute of limitations for strict liability and negligence claims is two years from the time the

1

cause of action accrues. 735 ILCS 5/13-2013(b) (strict liability); 735 ILCS 5/13-202 (negligence). A cause of action generally accrues at the time of the injury, but can be tolled by the discovery rule where the injury is not readily discoverable. *See Cummins v. Home Depot USA, Inc.*, 2009 WL 1851183 (N.D.Ill. June 29, 2009); *Franz v. Purdue Pharma Co.*, WL 455998 (D.N.H. Feb 22, 2006) (applying Illinois personal injury law); *Kumpfer v Shiley, Inc.*, 741 F.Supp. 738 (N.D.Ill. 1990).

The Court previously held that the discovery that the titanium rods had fractured and caused the spinal fusion procedure in 2005 was sufficient to put Plaintiff on notice of his injury and trigger the statute of limitations. (Dkt. #18, p. 3.) In his second amended complaint, Plaintiff fails to allege any facts that his injury was not readily discoverable and thus properly tolled by the by the discovery rule. Indeed, Plaintiff again alleges that he did not have actual knowledge that his spinal fusion procedure failed due to a defect in the Interpore Cross or that the removal of the Interpore Cross was due to a defect until he was advised by his physician in 2011 or 2012. (*See* Dkt, #19, p. 4 ¶11; Dkt. #25, p. 3.) However, the Court previously rejected this argument and explained that actual knowledge is not required; the relevant inquiry is when a reasonable person would have realized their injuries might be the result of actionable conduct. (Dkt. #18, pp. 3-4.) Thus, Plaintiff's strict liability and negligence claims expired in 2007.

Similarly, Plaintiff claims for breach of warranty fail. The statute of limitations for a breach of warranty action is four years from the time the cause of action accrues. 801 ILCS 5/2-725(1). A cause of action accrues when delivery is made, unless the warranty explicitly extends to future performance. 801 ILCS 5/2-725(2). Plaintiff's second amended complaint again fails to allege any explicit assurances from Biomet or any specific future time frame to which any such warranty would extend. *See Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69, 94 (1982). Therefore, Plaintiff's claims for breach of warranty, which accrued on March 11, 2002 when the Interpore Cross was implanted, expired on March 11, 2006 and are therefore untimely.

For all these reasons, Biomet's motion to dismiss is granted and Plaintiff's second amended complaint is dismissed with prejudice.
IT IS SO ORDERED.

_____
Date: March 25, 2014

United States District Judge